Jenner, J.
The principal error relied upon, and the only one necessary to notice, is as to the right of the trial court to limit the number of witnesses that may be called to testify to a material fact or issue in the case.
The plaintiff in error filed her petition to recover possession of a strip of land in which she claims a legal estate and the right of immediate possession, and that the defendant unlawfully keeps her out of possession.
The answer of the defendant is a general denial.
On the trial of the issue to a jury, the plaintiff examined a number of witnesses whose testimony tended to support the issue on her part, and rested her case. Thereupon the defendant called a number of witnesses, whose testimony tended to establish adverse possession in him for more than twenty-one years of the land in dispute, and was about to call a number of additional witnesses, “as to the present condition of things along the line of the fence indicating whether the fence had *260 been changed or not.” When the judge announced that he would limit the number to four on each side as to any such indications. The defendant called four and rested, the plaintiff then called four and offered to call the fifth and more to the same facts, but the court refused to permit further testimony to be given as to those facts, to which ruling the plaintiff excepted.
It is conceded that the fact as to whether the fence had been moved within the twenty-one years, was material, and if found one way or the other, might determine the issue. The jury returned a verdict in favor of defendant, upon which judgment was duly entered. To the order of the court limiting the number of the witnesses to four error is assigned.
Has the trial court the power to limit the number of witnesses that may be called in proof of a material fact or of the issue? The question is one of importance in practice. Mere numbers do not necessarily, determine the weight of the testimony, and yet numbers, within a reasonable limit, are often of great importance.
It has long been held that in eliciting the truth from a witness, the manner and extent of the examination is largely in the discretion of the trial judge; but when it comes to the number to be called to establish a fact or a given issue, must all discretion be denied? A trial sometimes becomes a contest as to which side can overwhelm the other with the larger number of witnesses. And we have repeated what recently occurred in a common pleas court in this circuit, the issue between two neighboring farmers being the identity of three sheep, not worth to exceed fifteen dollars. A hundred witnesses were called, ten days consumed in the trial, the three sheep were soon followed with the loss of the entire flocks of unfortunate farmers, and also a large part of their farms. In another part of this circuit the issue tried was the alleged warranty of a heifer at an auction sale of stock; all the men present at the sale were called by one or the other of the contenting parties, with a result not less disastrous than the sheep *261 case. A court of justice i hat has no power to regulate such exhibitions of bad temper, is hardly worthy of the name.
The authorities seem to be quite uniform as to the right of the court to limit the number of witnesses that may be called to establish a fact, but not. so uniform as to the power to limit the number in proof of the issue. The establishment of an important fact is often decisive of the issue; as in the case of the identity of the three sheep, the warranty of the heifer, or as to whether a horse was or was not lame at the time of the sale, the character of the lameness might involve other questions.
In Borhythe v. Summers, 36 N. W. R. 93, the Supreme Court of Michigan held that when the lameness of a horse was material, it was error in the trial court to limit the number of witnesses on that issue. The same court, in a later case, Detroit City Ry. v. Mills et al., 48 N. W. R. 1007, held that, “ It is clearly within the discretion of the court to limit the number of witnesses ;who may be called to any particular fact.” The Supreme Court of Wisconsin, in Meier v. Morgan et al., 52 N. W. R. 174, held that “ a reasonable limitation of the number of witnesses on a single fact” is within the discretion of the court. Gray v. St. John, 35 Ill., is to the same effect; also Thompson on Trials, sec. 353, and cases cited; Rapalje, sec. 234; 1 Phillips on Ev. 712.
In proceedings for the appropriation of property, Rev. Stat. 6430, it is provided: “ If more than three witnesses be examined by either party, on the same same point, in the same case, the judge may tax the costs of such additional witnesses to the party calling them.”
And in a certain class of criminal cases the legislature has sought to place some restrictions on the number of witnesses who may be called upon the subject of character or reputation ; Rev. Stat. 7287. These sections of our statutes do not affect the question we are considering, except to show an attempt to restrain within some limits what often becomes a great abuse of the processes of the courts. The attempt to limit the num *262 ber of witnesses by legislative enactment, may be subject to the criticism urged by Best in his valuable work on Evidence, sec. 48. But if the matter is left to the sound discretion of the trial judge, such- objections would seem to be obviated.
Kibler & Kibler, for plaintiff in error.
S. M. Hunter, for defendant in error.
We conclude that a reasonable limitation of the number of witnesses who may be called in proof of a fact, or of a single issue, is within the discretion of the trial court, to be exercised, no doubt, with caution, considering the nature of the case, the character of the witnesses, and the state of the proof.
The evidence is not all set out in this record, and we are unwilling to say from the facts presented that there was error in the limitation ordered by the court. The .judgment is affirmed.